Smith, J.
This is an action for declarative relief seeking a declaration that the plaintiff, Alice Bullock, is entitled to collect underinsured motorist coverage pursuant to a Massachusetts Motor Vehicle Liability Insurance Policy issued by the defendant, Commerce Insurance Company, to the plaintiffs husband Raymond Bullock. Specifically the plaintiff seeks a declaration that Massachusetts Liability Insurance Policy No. 89MMA07699, issued by the defendant to plaintiffs husband, provides coverage of the plaintiffs claim for underinsured motorist benefits arising out of the motor vehicle accident of October 20, 1989 and a declaration directing the defendant to forthwith initiate the usual and customary claim settlement procedures with the plaintiff to resolve the plaintiffs claim for underinsured motorist benefits under policy No. 89MMA07699. The parties submitted the case to the Court based upon an agreed statement of facts and requested a ruling of law based upon the agreed statement of facts. For the reasons set out below, the Court finds that the plaintiff is not entitled to the underinsurance benefits under her husband’s policy issued by Commerce Insurance Company.
FACTS
Based upon the agreed statement of facts and stipulated documents, the Court finds as follows. On October 20, 1989, the plaintiff (hereinafter “Mrs. Bullock”) was driving a vehicle owned by her husband, Raymond Bullock, when it was hit from the rear by a vehicle operated by Juan Huertas. The vehicle which Mrs. Bullock was operating was insured with the defendant, Commerce Insurance Company (hereinafter ’’Commerce”) under policy No. 89MMA07699. Among the coverages provided under this policy was optional underinsured coverage of $50,000.00 per person and $100,000.00 per accident ($50,000/$100,000). Mr. Huertas’ vehicle was covered by a policy with Safety Insurance Company with bodily injury coverage of $15,000.00 per person and $30,000.00 per accident. Safety Insurance Company agreed to pay the $ 15,000.00 policy limit to settle Mrs. Bullock’s claim against Mr. Huertas. The parties stipulate that Mrs. Bullock’s damages exceed the $15,000.00 settlement recovered from Safety Insurance Company.
At the time of her accident, Mrs. Bullock owned her own car, a 1985 Ford Econoline Van, which was also insured with Commerce (Policy No. 89MM495719). Mrs. Bullock originally insured her vehicle with Commerce on May 9, 1988. She carried the mandatory underinsured motorist coverage of $10,000/$20,000. She renewed the policy in May of 1989. At that time underinsured motorist coverage was no longer mandatory under the provisions of Mass.G.L.c. 175, §113L(1). The coverage selection page of the 1989 insurance policy seems to indicate that there was underinsured motorist coverage in the amount of $10,000/$20,000. However, no premium has been charged for it since the premium column was left blank. As discussed below, it appears that Mrs. Bullock did not have any underinsured motorist coverage.
Mrs. Bullock’s major‘contention is that since the vehicle in which she had the accident was owned by her husband who was also insured by Commerce and since the policy provided underinsured motorist coverage in the amount of $50,000.00 per person and $100,000.00 per accident, she, as a member of her husband’s household and a named driver on his policy, is entitled to underinsured motorist benefits under her husband’s policy.
DISCUSSION
The applicable statute is G.L.c. 175, §113L. The policy goal of G.L.c. 175, §113L is “to insure that each insured who suffers from an injury is compensated to the same extent as she would had been had she been injured by a motorist who had purchased the minimum liability insurance coverage required.” Liberty Mutual Ins. Co. v. McLaughlin, 412 Mass. 492, 494 (1992). The statute requires every auto policy to cany uninsured motorist benefits and provide for optional underinsured motorist benefits. G.L.c. 175, §113L(1). The statute defines uninsured motor vehicle to include underinsured motor vehicle. G.L.c. 175, §113L(2)
The statutory scheme prohibits stacking of uninsured and underinsured motorist coverages in § 113L(5). The language of the statute which covers the circumstances of this case states in pertinent part:
A person who is a named insured and who suffers bodily injury or death:
*584 (a) while occupying a non-owned motor vehicle registered for highway use may recover only from the policy providing the highest limits of uninsured motorist coverage on which such person is the named insured . . .
Mrs. Bullock falls squarely within this section. She was driving a non-owned vehicle — her husband’s car — at the time of her accident. She also is a named insured on her own policy which provides uninsured motorist coverage. Thus she is required to look to her own policy for underinsured motorist coverage.
The holding in the recent decision of Smart v. Safety Insurance Company, 419 Mass. 144 (1994), is dispositive of this case. The Smart court, in interpreting M.G.L.c. 175, §113L(5) in a situation similar to the instant case, held that “a named insured may look for underinsured motorist coverage only to the policy or policies on which he or she is named insured, at least if that policy provides some underinsured motorist coverage.” Id. at 149.
The plaintiff argues that the Smart case does not apply because, unlike in Smart, Mrs. Bullock did not purchase or have underinsured motorist coverage. It is not clear whether or not Mrs. Bullock had underin-sured motorist coverage. On one hand the coverage selection page of Mrs. Bullock’s policy shows underin-sured motorist coverage with limits of $10,000.00 per person and $20,000.00 per accident. However, there is no premium charge indicated. On page 1 of the motor vehicle policy, it states, in pertinent part:
Each coverage you purchase will show a premium charge next to it. If no premium charge is shown, you do not have that coverage.
Thus it would appear from the language on the first page of the motor vehicle policy that Mrs. Bullock did not have any underinsured motorist coverage in spite of the indication of such on the coverage page. However, whether or not Mrs. Bullock purchased such coverage or was entitled to it without a premium, it is not dispositive. Although the Smart court discussed such a circumstance in dicta and declined to make a specific ruling in a footnote, id. at 149, n6, the dicta indicates that the court would not have treated Mrs. Bullock any differently than it did the insured in the Smart case. Specifically, the Smart court stated that
if Brick elected to have no minimal underinsured motorist coverage, that was his choice. The coverage was optional with him. The statute provides that, as a named insured only on his own policy, Brick may recover only on that policy.
Id. at 149. Mrs. Bullock chose not to purchase under-insured motorist coverage and cannot, by doing so, avoid the policy of the statute to look to her own policy for coverage. As the Smart court indicated, “any different construction of the requirements of 113L would run contrary to the legislative objective of having each name insured responsible for the extent of his or her underinsured motorist coverage.” Id. at 149. The abuse discussed by the Smart court is what has exactly happened here. The plaintiff is a member of an household with two policies. She elected not to purchase underinsured motorist coverage. Yet she wants to receive underinsured motorist coverage at no cost to her under her husband’s policy.
Accordingly the court finds that and so declares that the plaintiff, Alice Bullock is not entitled to any under-insured motorist coverage from her husband, Raymond Bullock, insurance policy no. 89MMA07699, issued by Commerce Insurance Company.
ORDER
The court hereby ORDERS that a judgment enter declaring that the plaintiff Alice Bullock is not entitled to collect underinsured motorist coverage from policy no. 89MMA07699, issued by defendant Commerce Insurance Company.